# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 13, 2010 Session

## KARIM SKAAN v. FEDERAL EXPRESS CORPORATION, INC.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-005300-06      Lorrie K. Ridder, Judge**

_____

**No. W2009-02506-COA-R3-CV - Filed December 14, 2010**

_____

Plaintiff/Appellant filed an action alleging breach of contract and retaliatory discharge. Defendant moved for summary judgment on both claims, and asserted the action was barred by a contractual limitations provision in the application for employment.  The trial court awarded summary judgment to Defendant with respect to the retaliatory discharge claim, and denied summary judgment with respect to Defendant's assertion that the matter was time-barred. Plaintiff appealed.  We dismiss this appeal for failure to appeal a final judgment where the trial court has not entered an order adjudicating or otherwise disposing of Plaintiff's breach of contract claim, and Plaintiff has failed to show cause why this matter should not be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Michael C. Skouteris, Memphis, Tennessee, for the appellant, Karim Skaan.

John W. Campbell, Memphis, Tennessee, for the appellee, Federal Express Corporation, Inc.

## MEMORANDUM OPINION[1]

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Plaintiff/Appellant Karim Skaan (Mr. Skaan) was hired by Defendant/Appellee Federal Express Corporation, Inc. ("FedEx") as a permanent, part-time cargo handler in September 1999. In October 2004, he suffered a work-related injury to his back. In May 2005, he underwent a lumbar diskectomy and, following a medical leave of 385 days, he returned to work on November 8, 2005, with no restrictions. On November 11, 2005, FedEx advised Mr. Skaan that he had exhausted his medical leave of 365 days for any single injury. Although the November 11 letter does not appear to be in the record, the parties do not dispute that Mr. Skaan was advised that no further leave was available to him should he experience a recurrence of the same condition within 180 days. In December 2005, it was again necessary for Mr. Skaan to take a medical leave of absence. On February 3, 2006, FedEx advised Mr. Skaan that it was terminating his employment.

In its February 3 letter to Mr. Skaan, FedEx stated,

Based on the most recent medical information you have provided me you are unable to return to your job as Checker/Sorter. Therefore, in accordance with the leave of [a]bsence (Medical Policy P1-8) it is necessary to terminate your employment February 3, 2006 since you have been unable to return from your leave of absence.

In October 2006, Mr. Skaan filed a complaint for breach of contract and/or wrongful termination. In March 2007, he amended his complaint, incorporating by reference his breach of contract claim and adding a claim of retaliatory discharge. FedEx answered denying Mr. Skaan's allegations and asserting, *inter alia*, that Mr. Skaan had failed to state a claim for relief and that Mr. Skaan's action was barred by the "contractual limitation period contained in Plaintiff's employment application." FedEx filed a motion for summary judgment in June 2009. In its motion, FedEx asserted that, pursuant to Mr. Skaan's application for employment, Mr. Skaan was an employee at will and that his action was barred by a six-month limitations period contained in the employment application. FedEx additionally asserted that Mr. Skaan's employment was terminated under FedEx policies 1-8 and 4-90 because he had exceeded his medical leave for a single injury. FedEx also asserted that no written contract of employment had been executed by FedEx and Mr. Skaan.

Following a hearing in August 2009 on FedEx's motion for summary judgment, the trial court awarded summary judgment to FedEx with respect to Mr. Skaan's action for retaliatory discharge by order entered November 2, 2009. In the November 2 order, the trial court denied FedEx's motion for summary judgment based on the limitations period contained in the employment application. Mr. Skaan filed a notice of appeal to this Court on November 25, 2009.

Oral argument of this matter was heard on November 13, 2010. Upon review of the record, we determined that the trial court's November 2, 2009, order was not a final order where it did not dispose of Mr. Skaan's breach of contract claim. On November 23, 2010, we issued an order for Mr. Skaan to show cause why his appeal should not be dismissed for failure to appeal a final judgment. Mr. Skaan responded on November 30, 2010. In his response, Mr. Skaan asserted that "the trial court did, in fact, adjudicate all of the claims based upon FedEx's moving for summary judgment on all claims, and Plaintiff/Appellant's not opposing summary judgment on the breach of contract claim." Mr. Skaan submits that, because he did not oppose summary judgment with respect to his breach of contract claim, and because the trial court's order purports to dispose of the case, the trial court's November 2 order should be considered a final judgment.

We must disagree. In its November 2 order, the trial court stated, "[t]here are two issues before the court; however, the ruling on the first issue entirely disposes of the case." The trial court then ruled that FedEx was entitled to summary judgment on Mr. Skaan's claim of retaliatory discharge. The trial court next addressed FedEx's motion for summary judgment with respect to the limitations period contained in the employment agreement, and denied summary judgment on this issue. The trial court concluded, "[w]hile the court is aware that the first issue disposes of the case, this issue is decided in the event that this matter is appealed."

The trial court speaks through its written orders, and a judgment must be reduced to writing by the court to be valid. *In re Adoption of E.N.R.*, 42 S.W.3d 26, 31 (Tenn. 2001). There is nothing in the record before us that the third issue before the court, Mr. Skaan's claim for breach of contract, was dismissed, non-suited, or otherwise adjudicated or disposed of by an order of the trial court. Indeed, in its brief to this Court, FedEx notes, "[t]he [trial] [c]ourt's order did not expressly address Appellant's [b]reach of [c]ontract claim[.]"

Tennessee Rule of Appellate Procedure 13(b) permits this court some discretion with respect to issues not raised by the parties, but it is mandatory with respect to subject matter jurisdiction. *E.g., Welty v Welty*, No. W2009-00921-COA-R3-CV, 2010 WL 1781613, at *2 (Tenn. Ct. App. May 5, 2010) (*no perm. app. filed*). Under Rule 13(b), we are required to first determine whether we have subject matter jurisdiction to adjudicate an appeal. Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990).

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. The subject matter jurisdiction of this Court is limited to final orders, except as otherwise provided. *Bayberry Assocs.*, 783 S.W.2d at 559. Accordingly, Mr. Skaan's appeal is dismissed for failure to appeal a final order. Costs of this appeal are taxed to the Appellant, Karim Skaan, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE